IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALEX RYLE, | § | |
| | § | |
| Defendant Below, | § | No. 470, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1404000692 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 13, 2020
Decided: May 5, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

(1)     The appellant, Alex Ryle, has appealed the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61. After careful consideration of the parties' briefs and the record, we affirm the Superior Court's judgment.

(2)     The record reflects that in February 2015 a Superior Court jury found Ryle guilty of Possession of a Firearm by a Person Prohibited and other weapons offenses.  After his conviction, the Superior Court granted the State's motion to declare Ryle an habitual offender and sentenced him to a total of twenty-three years

of imprisonment, followed by decreasing levels of supervision. This Court affirmed on direct appeal.[1]

(3) Ryle initially had been represented by court-appointed counsel ("initial counsel"). After his initial counsel declined to file motions that Ryle wanted to pursue, Ryle moved to dismiss his counsel and for the appointment of new counsel, and his initial counsel filed a motion to withdraw. A Superior Court Commissioner held a colloquy with Ryle and allowed counsel to withdraw; Ryle then proceeded *pro se*, including at trial. His request for the appointment of counsel for sentencing was granted, and initial counsel represented him at sentencing. Different counsel ("appellate counsel") represented him on appeal.

(4) In August 2017, Ryle filed a timely first motion for postconviction relief and a motion for appointment of counsel. The Superior Court appointed counsel to represent Ryle in the postconviction proceedings. Postconviction counsel ultimately moved to withdraw under Superior Court Criminal Rule 61(e)(7). After receiving briefing from Ryle and the State and affidavits from initial and appellate counsel, a Superior Court Commissioner issued a report recommending that the court deny Ryle's motion for postconviction relief and grant postconviction counsel's motion to withdraw. Ryle filed objections to the Commissioner's report. On October 21, 2019, the Superior Court entered an order accepting the

---

[1] *Ryle v. State*, 2016 WL 5929952 (Del. Oct. 11, 2016).

2

Commissioner's report, denying the motion for postconviction relief, and granting postconviction counsel's motion to withdraw. Ryle has appealed to this Court.

(5) Ryle makes two arguments on appeal. First, he argues that the procedural bars that are set forth in Superior Court Criminal Rule 61 are unconstitutional. Second, he contends that his appellate counsel provided ineffective assistance by failing to argue on appeal that the Superior Court should have suppressed the firearm and Ryle's statement to police as a sanction for alleged discovery violations committed by the State.

(6) Ryle's argument that the procedural bars that are set forth in Superior Court Criminal Rule 61 are unconstitutional does not provide a basis for relief. The Superior Court did not hold that Ryle's claims were procedurally barred—rather, it considered them on the merits. The procedural bars therefore had no bearing on the outcome of Ryle's motion postconviction for relief, and no further consideration of this argument is necessary.

(7) Ryle's claim that his appellate counsel was ineffective also does not warrant relief. Ryle argues that his appellate counsel failed to argue on appeal that the Superior Court should have sanctioned a "discovery violation" committed by the State. Ryle does not explain the context underlying his argument, but it appears to relate to a motion that he made, after jury selection and when trial was set to begin, to suppress the firearm and his videorecorded statement to police. He sought

3

suppression based on the State's purported failure to make a timely production of those items to him in discovery.[2] The Superior Court did not suppress the evidence, but it did give other relief, such as ensuring that Ryle had an opportunity to inspect the weapon before trial.[3]

(8) We review the Superior Court's denial of postconviction relief for abuse of discretion.[4] We review *de novo* constitutional claims, including claims of ineffective assistance of counsel.[5] In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (i) his counsel's representation fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different.[6] Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[7] A defendant must also make concrete allegations of actual prejudice to substantiate a claim of ineffective assistance of counsel.[8]

---

[2] *See State v. Ryle*, 2015 WL 5004903, at *3-4 (Del. Super. Ct. Aug. 14, 2015) (denying motion for new trial and describing motion to exclude evidence and the court's rulings).

[3] *Id.* at *4.

[4] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).

[5] *Id.*

[6] *Harris v. State*, 2018 WL 3239905, at *2 (Del. July 2, 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

[7] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

[8] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

(9) The *Strickland* framework also applies when evaluating the effectiveness of appellate counsel.[9] To establish that the representation provided by appellate counsel was unreasonable, a defendant must show that counsel failed to find arguable, nonfrivolous issues to appeal and to file a brief raising them.[10] Appellate counsel need not raise every nonfrivolous claim, but rather may select the arguments that maximize the likelihood of success on appeal.[11] Therefore, when appellate counsel files a merits brief raising issues for consideration on appeal, a defendant who argues that counsel was ineffective for failing to raise an argument on appeal must show that the argument that was not presented was "clearly stronger" than the arguments that were presented.[12]

(10) Ryle has demonstrated neither that his appellate counsel's representation fell below an objective standard of reasonableness nor actual prejudice. First, he has not demonstrated prejudice because the Superior Court found that no discovery violation occurred,[13] and Ryle has not established otherwise.

---

[9] *Neal v. State*, 80 A.3d 935, 946 (Del. 2013).

[10] *Id.*

[11] *Id.*

[12] *Id.* (quotations omitted).

[13] *See State v. Ryle*, 2019 WL 5306847, at *3 (Del. Super. Ct. Oct. 21, 2019) ("[T]he Court found no discovery violation occurred. Thus, appellate counsel wasn't unreasonable when he fully examined the record and found no basis to raise any discovery issues on appeal." (footnotes omitted)). *See also See Ryle*, 2015 WL 5004903, at *3-4 (indicating that Ryle did not properly request the items he sought and stating that "[e]ven if Mr. Ryle had made a proper discovery request and the State had failed to timely disclose discoverable materials, the Court had broad discretion in remedying such," and "exclusion of evidence is certainly not the only cure, even when an actual discovery violation occurs" (footnote omitted)).

Moreover, even if he had established a discovery violation, this Court reviews for abuse of discretion the sanction imposed by a trial court for a discovery violation, and will reverse the trial court's decision only if it was clearly erroneous.[14] For these reasons, Ryle has not shown that the outcome of the appeal likely would have been different if appellate counsel had raised the discovery sanction issue on appeal. For similar reasons, this issue was not "clearly stronger" than the arguments that appellate counsel presented on appeal, which earned oral argument.[15] Ryle therefore also has not satisfied the first prong of *Strickland*.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[14] *Cabrera v. State*, 840 A.2d 1256, 1263 (Del. 2004).

[15] *See* Docket, *Ryle v. State*, 566, 2015 (Del.). *See also Hudson v. State*, 2020 WL 362784, at *7 (Del. Jan. 21, 2020) ("Here, appellate counsel presented the issue he thought had the most chance of success and gained oral argument on direct appeal. Hudson has not demonstrated ineffective assistance of appellate counsel.").